Russell Brown
CHAPTER 13 TRUSTEE
Suite 800
3838 North Central Avenue
Phoenix, Arizona 85012-1965
602.277.8996

UNITED STATES BANKRUPTCY COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| In re | Chapter 13 |
| RAYMOND N. MILYARD, | Case No. 2-20-bk-03069-PS |
| and | **TRUSTEE'S RECOMMENDATION** |
| TAMMY A. THIBOUTOT, | Deadline is July 27, 2020 |
| Debtors. | |

The Trustee has reviewed the Plan, Schedules, and Statement of Financial Affairs.

Subject to the resolution of the following issues, the Plan will meet Code requirements and the Trustee will recommend confirmation:

(1) Toyota Motor Credit Corporation and the Arizona Department of Revenue have filed objections to the Plan. The attorney for the Debtors must notify the Trustee in writing if the objections are resolved or, if they are unresolved, file the appropriate motions to get the Court to hold hearings on the objections. If resolution of the objections changes Plan funding requirements, the Trustee requires receipt of a new Plan analysis with any proposed order confirming the Plan. If a motion is filed to get a hearing before the Court, the time to submit a proposed Order confirming the Plan to the Trustee is extended. The creditors must sign the order confirming plan, or file a withdrawal of the objection to confirmation.

(2) The Order confirming must state "Quicken Loans, LLC will be paid its pre-petition arrears of $266.03 through the Plan. Regular post-petition mortgage payments, post-petition mortgage fees, and expenses shall be paid directly by the Debtors to the secured creditor."

(3) The secured debt to be paid to Desert Financial Credit Union is to be reduced to $21,488.68 as stated in the creditor's proof of claim, to be paid at the rate of 6% interest as stated in the Plan.

(4) The proof of claim filed by the Arizona Department of Revenue indicates that the Debtors have not filed their 2010 through 2012 income tax returns. The Trustee cannot recommend confirmation until the tax returns are filed and the creditor amends its proof of claim.

(5) The proposed Plan is underfunded as it fails to meet the Best Interest of Creditors Test of $78,294.20. Additional plan yield is required.

(6) The Debtors schedule an interest in a pending personal injury claim. The Trustee requires information regarding the current status of the case, an estimate of the value of the claim, and the expected date when the case will be resolved. The Trustee advises the Debtors that any settlement is subject to Bankruptcy Court approval and that any settlement or recovery will be required to be turned over to the Trustee for the benefit of creditors. The Debtors' attorney must contact the Trustee's staff attorney, Rachel Flinn, to prepare an Application to Appoint Special Counsel. Finally, the proposed Order Confirming Plan must include a provision that any funds from the claim will be applied as a supplemental payment to be paid first to unsecured, priority claims, then to unsecured, nonpriority claims, then finally as advance Plan payments, but the term of the Plan will not be reduced to less than 36 months unless all allowed claims are paid in full.

(7) Based upon review of the completed Trustee's Questionnaire the Debtor historically receives substantial bonuses. The net bonus income represents additional disposable income that

must be turned over as a supplemental payment to the Plan. The Trustee requires a copy of Debtor's most recent pay stub and the immediate turnover of net bonus income (if any) received post-petition. Any order confirming plan must provide for the turnover of all future net bonus income as of confirmation to be paid into the Plan as supplemental payments. The Debtor is to confirm when and how often the bonuses are received. In addition, the Order confirming must state that within seven days of receipt the Debtor will submit a copy of the pay stub along with any net bonuses to the Trustee.

(8) The Statement of Financial Affairs, (Part 3), Item #7, discloses a preferential payment to Beverly Thilboutot in the amount of $3,300.00. The Trustee requires that the Debtors complete the enclosed Waiver of Statutes of Limitation. In addition, the preferential payment must be accounted for in the Best Interest of Creditors Test calculation.

(9) Other requirements:

(a) Due to the possibility of errors on the claims docket, it is the attorney's responsibility to review all proofs of claim filed with the Court and resolve any discrepancies between relevant claims and the Plan prior to submitting any proposed Order Confirming Plan to the Trustee. Also, when counsel provides a proposed order confirming plan to the Trustee, counsel must file or create a notice on the Court docket. L.R.B.P. 2084-13(b).

(b) Requests by the Trustee for documents and information are not superseded by the filing of an amended plan or motion for moratorium.

(c) The Trustee will object to any reduction in the Plan duration or payout in a proposed Order Confirming Plan unless an amended or modified plan is filed and noticed out.

(d) The Trustee requires that any proposed Order Confirming Plan state: "The Plan and this Order shall not constitute an informal proof of claim for any creditor."

(e) To expedite the order review process, counsel must use the recommended form for the order confirming plan found at www.chapter13.info.

(f) The order confirming plan **must** be accompanied by a cover letter that goes over the Trustee's Recommendation items by each paragraph. If counsel fails to use the order form and provide such letter, the Trustee will reject the proposed order outright and the time to comply with the Recommendation is not extended.

(g) Any order confirming plan to provide that the Debtors will give the Trustee a copy of the 2020 - 2023 federal and state income tax returns, including all attachments, forms, schedules and statements, within 14 days of filing them.

(h) Nothing in the Plan or Order Confirming Plan is to alter counsel's obligation to represent the Debtors. Counsel is to represent the Debtor(s) in all matters regardless of the fee agreement until the Court issues an order permitting counsel to withdraw or the case is closed.

(i) According to Paragraph II.H.3. of the "Administrative Procedures for Electronically Filed Cases," as governed by Local Rule 5005-2(e), the Debtors' attorney is to retain the original signatures of all signatories to the Stipulated Order Confirming Plan (other than that of the Trustee). Pursuant to Local Rule 2084-13(c), the Trustee will upload the proposed Order Confirming a plan or granting a motion for a moratorium.

(j) The proposed order confirming plan, any responses to this recommendation, and documents submitted in response to this recommendation are to be submitted to the applicable case administrator in the Trustee's office.

SUMMARY: Pursuant to Local Rule 2084-10(b), by July 27, 2020, Debtors are to resolve all of the above issues and provide the Trustee with a proposed order confirming plan that meets the above requirements, or the Debtor must file an objection to the Recommendation and obtain a hearing date. If neither is accomplished, then the Trustee could file a notice of intent to lodge a dismissal order.

Russell Brown
2020.06.24
17:08:16 -07'00'

Copy mailed or emailed to::

RAYMOND N. MILYARD
TAMMY A. THIBOUTOT
16420 WEST BADEN AVENUE
GOODYEAR, AZ 85338

PHOENIX FRESH START
THOMAS ADAMS MCAVITY
4602 E. THOMAS RD., SUITE S-9
PHOENIX, AZ 85028

Jessica Morales
2020.06.25
16:01:08 -07'00'

*jmorales@ch13bk.com*

- 5 -